County Officers-Salary Increase-Effective Date The increase in salary of the county officers enumerated in group "A" of 19 O.S. 180.61 [19-180.61] (1961), who were elected or appointed prior to April 19, 1968, does not become effective until their next term of office; and any increase to assistants, deputies and employees of said officers does not take effect until the increase in salary of the officer for whom they serve takes effect. The Attorney General has had under consideration your letter of April 24, 1968, wherein you state the following facts and ask the following questions: "On the 19th day of April 1968, the Governor approved Senate Bill 343, after its passage by the 2nd Session of the Thirty-First Legislature, same containing the emergency clause and becoming effective on and after said date. The Act groups certain county officers for purpose of fixing salaries in group `A', including the sheriff, county treasurer, county clerk, court clerk, county assessors, members of the Board of County Commissioners, county judges and judges of courts of common pleas. The sheriff, county judge and common pleas court judges were already in group `A'. "The placing of the county treasurer, county clerk, court clerk, county assessors and county commissioners in group `A' will result in increased salaries for such officers when said Act becomes effective under the provisions of the Constitution. "Question 1. When does said Act become effective as to the salaries or wages of county officers enumerated in group `A', who were elected or appointed prior to April 19, 1968? "Question 2. Does said Act become effective with respect to the salaries, and wages of the assistants, deputies and employees of said county officers at the same time as the salaries and wages of such county officers?" We call your attention to Article XXIII, Section 10 of the Constitution of the State of Oklahoma, which provides: "Except wherein otherwise provided in this Constitution, in no case shall the salary or emoluments of any public official be changed after his election or appointment, or during his term of office, unless by operation of law enacted prior to such election or appointment; nor shall the term of any public official be extended beyond the period for which he was elected or appointed: Provided, That all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." It has consistently been the opinion of this office that Section 10 prohibits a county officer from receiving an increase in salary during the term of office being served at a time of the increase. You correctly note the holding in Attorney General's Opinion dated September 29, 1959, to Honorable John M. Rogers, State Examiner and Inspector, which stated in part: "Since, under the above provision of the Constitution, the salary of any public official may not be changed during his term of office, it logically follows that said repealing section would not be effective as to the salary of any county officer who was elected or appointed prior to July 15, 1959, and whose salary was fixed by existing laws at the time of the enactment of said Senate Bill 22." Senate Bill No. 343, Thirty-First Legislature, 2nd Session provides as follows: "BE IT ENACTED BY THE PEOPLE OF THE STATE OF OKLAHOMA: Section 1. 19 O.S. 180.61 [19-180.61] (1961), is amended to read as follows: "Section 180.61. For purposes of fixing salaries under this Act, county officers shall be grouped in the following classifications: "A. Enforcement officers or those charged with enforcing the laws relating to public peace and safety: the county sheriff, the county treasurer, the county clerk, the court clerk, the clerk of the court of common pleas, the county assessor, and the members of the board of county commissioners, the county judge and judges in court of common pleas where established. "B. The county superintendent of schools. "C. Other elective county officers. "Section 2. It being immediately necessary for the preservation of the public peace, health and safety, an emergency is hereby declared to exist, by reason whereof this Act shall take effect and be in full force from and after its passage and approval." The emergency clause put Senate Bill 343 into effect at the time of its signing by the Governor as to the offices but not as to the individual officers themselves who were elected or appointed prior to April 19, 1968. The Constitution does not prohibit assistants and deputies, who are not officers, and employees from receiving a salary increase during the term of the officer for whom such assistant, deputy or employee serves, however, 19 O.S. 180.65 [19-180.65](e) (1961), provides: "The salary paid to such deputies, assistants, or other persons shall not exceed ninety per cent (90%) or eighty per cent (80%), respectively, of the total salary paid to such principal officers." (Emphasis added) The import of this statute seems to be an emphasis upon the restriction of a percentage of the total salary actually paid to the officer, rather than authorized to be paid to the officer. It is therefore the opinion of the Attorney General that the answer to your first question is that the increase in salary of the county officers enumerated in group "A" who were elected or appointed prior to April 19, 1968, does not become effective until their next term of office. It is further the opinion of the Attorney General that the answer to your second question is that the increase in salary of the assistants, deputies and employees of county officers who were elected or appointed prior to April 19, 1968, and enumerated in group "A", does not take effect until the increase in salary of the officer for whom they serve takes effect. (Dale F. Crowder)